NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN MCGUIRE, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 11-1989 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| UNION COUNTY PROSECUTOR'S OFFICE, *et al.*, | Date: May 30, 2012 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Defendants' Motions for Summary Judgment. The Court having reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that, pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); and

it appearing that "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party," *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988); and

it appearing on the face of the parties' voluminous submissions that they dispute a number of material facts with respect to Plaintiff's claims, making the claims unsuitable for summary judgment;[1]

**IT IS**, therefore, on this 30th day of May, 2012,

---

[1] Plaintiff contends that his First Amendment rights to free speech, petition, and associate were infringed when he was suspended based on the content in an e-mail he sent to members of the police union, of which he is president. The e-mail discussed an arbitration concerning the Union County Prosecutor's Office's policy of reimbursing officers for their fuel costs. (*See* Defs.' 56.1 Statement ¶¶ 37-40; Pls.' 56.1 Statement ¶¶ 24-28.) It also contained language that Chief of Detectives Buccino found "disloyal or disrespectful to the administration including [himself] and Deputy Chief Clay." (Defs.' 56.1 Statement ¶ 43.) Plaintiff was subsequently suspended for five days for violating Union County Prosecutor's Office policies on loyalty and insubordination. (Defs.' 56.1 Statement ¶¶ 48-50.)

A three-part test governs a claim for retaliation for protected First Amendment activities: l) Plaintiff must show that he engaged in protected activity, including speech that is a matter of public concern; 2) Plaintiff must show the protected activity was a substantial or motivating factor in the alleged retaliation; and 3) Defendants may refute the claim by demonstrating they would have taken the same action absent the protected activity. *See Baldassare v. State of New Jersey,* 250 F.3d 188, 194-95 (3d Cir. 2001); *Crane v. Yurick*, 287 F. Supp. 2d 553, 559-60 (D.N.J. 2003). Union speech is generally protected. *See Yurick*, 287 F. Supp. 2d at 560 (collecting cases). If Plaintiff spoke as union president, the speech is protected; if he spoke as an employee, it is not. *See Fuerst v. Clarke*, 454 F.3d 770, 775 (7th Cir. 2006); *Shirden v. Cordero*, 509 F. Supp. 2d 461, 466-67 (D.N.J. 2007). Defendants note that the e-mail was sent from Plaintiff's work e-mail and that Deputy Chief Clay, who did not usually receive union messages, was a recipient. (Defs.' 56.1 Statement ¶¶ 31-37.) Plaintiffs counter that all recipients were union members, that the e-mail concerned a long-running dispute between the union and the administration, and that the e-mail indicated it was sent from the union president. (Pls.' 56.1 Statement ¶¶ 18-28.) Where, as here, there are disputed issues of material fact as to the factual predicates for determining whether the speech is protected, summary judgment is inappropriate. *Fuerst*, 454 F.3d at 775; *see also Shirden*, 509 F. Supp. 2d at 467. These factual predicates will be submitted to the jury.

There are also disputed issues of material fact as to two and three of the *Baldassare* test. Plaintiff contends that his suspension was retaliation for his union activities (Pls.' 56.1 Statement ¶ 60, 84-101), and was part of a pattern of retaliatory action in response to union activities (Pls.' 56.1 Statement ¶¶ 61-101). Defendants contend the suspension was motivated solely by the allegedly insubordinate comments contained in the e-mail. (Defs.' 56.1 Statement ¶¶ 43-45, 47-57.) Additionally, the parties dispute whether the e-mail was intended to or had the potential to disrupt personnel or undermine the administration of the Union County Prosecutor's Office. (Defs.' 56. 1 Statement ¶¶ 43-45; Pls.' 56.1 Statement ¶¶ 29-36, 51.)

   **ORDERED** that Defendants' Motions for Summary Judgment are **DENIED**; and it is further

   **ORDERED** that the Final Pretrial Order dated April 27, 2012 is hereby modified so that any responses to pretrial motions are now due June 8, 2012; and it is further

   **ORDERED** that trial is scheduled to begin on June 12, 2012 at 9:30 AM before the undersigned in Courtroom 1, U.S. Post Office and Courthouse, Newark, NJ 07101.  This date is peremptory and will not be adjourned.

              /s/ Faith S. Hochberg_____
              Hon. Faith S. Hochberg, U.S.D.J.